UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| GREGORY MARK GEAR,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY, *et al.*,<br><br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>No. 24-7176 (KMW-MJS)<br><br>MEMORANDUM OPINION AND ORDER |

THIS MATTER comes before the Court by way of Plaintiff Gregory Mark Gear's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF No. 1) pursuant to 28 U.S.C. § 1915(a)(1); and

THE COURT NOTING that, Plaintiff's IFP Application is undated;

THE COURT FINDING that because Plaintiff did not date his application, the Court must deny the IFP Application as incomplete.

The Court is now required to screen the Complaint pursuant to 28 U.S.C. §1915(e)(2)(B), and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. For the reasons set forth below, Plaintiffs' Complaint is dismissed without prejudice for failing to state a claim.

THE COURT NOTING that Plaintiff, proceeding *pro se*, brings this action against various State Defendants including the State of New Jersey, the "Social Security Office," "Social Services," Gloucester County Court House, and the Woodbury, Deptford, and Wilmington Police, alleging that various people in these organizations have united against him to prevent him from accessing social security benefits, among other "attacks"; and

THE COURT NOTING THAT Plaintiff does not provide any facts to suggest specifically how Defendants have harmed him; and

THE COURT NOTING THAT Plaintiff does not indicate what redress he seeks, nor does he assert any federal statute under which he seeks relief; and

WHEREAS, a *pro se* complaint must still comply with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief" that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests," *Dodson v. United States Dist. Ct.*, No. 23-22433, 2023 WL 8232895 at *2 (D.N.J. Nov. 28, 2023) (internal citations omitted); and

WHEREAS, "Courts are not required to conjure up questions never squarely presented to them," *Robinson v. Dep't of Homeland Sec.*, No. 22-0021, 2023 WL 6460375 at *3 (D.V.I. Oct. 4, 2023) (internal citations omitted);

THE COURT FINDING that Plaintiff has failed to state a claim pursuant to Fed. R. Civ. P. Rule 8(a).[1] Thus, the Complaint does not state a claim upon which relief can be granted.

**IT IS THEREFORE** on this 3 day of July, 2024,

**ORDERED** that Plaintiff's IFP Application is **DENIED WITHOUT PREJUDICE**; and

**ORDERED** that Plaintiffs' Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**; and

---

[1] Rule 8(a) provides, in pertinent part:
Claim for Relief. A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

**FURTHER ORDERED** that Plaintiff is granted leave to refile a completed IFP Application **OR** submit payment in the amount of **$405, AND** amend his Complaint, within 30 days of issuance of this order; and

**FURTHER ORDERED** that if Plaintiff does not amend his Complaint within 30 days, the Clerk is directed to close the case without further Order from the Court; and

**FURTHER ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiffs by regular U.S. mail.

Hon. Karen M. Williams,
United States District Judge

3